**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Cause No.: 2:23-CR-15-PPS-JEM |
| | ) | |
| MARCO SOLE and | ) | |
| CLINTON WILLIAMS, | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion for Bill of Particulars [DE 61], filed by Defendant Sole, proceeding pro se, on January 16, 2024. The Government filed a response on January 31, 2024, and no reply was filed.

Defendant Sole requests that the Court order the Government to provide a bill of particulars identifying the details of when he joined the purported conspiracy and what controlled substances he purportedly distributed, or conspired to distribute, specifically the "time, place, circumstances, causes, acts, participations, and etc." that form the bases for the charges in the Indictment. The Indictment is a seven count indictment. The Government responds that the Indictment is detailed as to dates of the conduct, and the nature of the controlled substance at issue in each count, the statute citations, and all requisite information. The Government further asserts that Defendant Sole has received extensive discovery, in excess of 10,000 pages.

Federal Rule of Criminal Procedure 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). The decision whether to require a bill of particulars lies within the sound

1

discretion of the trial court. *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008); *United States v. Fassnacht*, 332 F.3d 440, 446 (7th Cir. 2003). The purposes of a bill of particulars include: (1) allowing a defendant to avoid double jeopardy in the event of a subsequent prosecution for the same offense; (2) avoiding prejudicial surprise at trial; and (3) providing a defendant with information sufficient for him to prepare his defense. *See United States v. Roman*, 728 F.2d 846, 856 (7th Cir. 1984). A bill of particulars is unnecessary if an indictment "includes each of the elements of the charged offense, the time and place of the accused's allegedly criminal conduct, and a citation to the applicable statute or statutes is sufficient to notify the [defendant] of what the government intended to prove." *United States v. Vaughn*, 722 F.3d 918, 926 (7th Cir. 2013) (citing *Fassnacht*, 332 F.3d at 446). Adequate discovery can "satisfy the need for a bill of particulars." *Id*. at 928. "The defendant's constitutional right is to know the offense with which he is charged, not to know the details of how it will be proved." *Fassnacht*, 332 F.3d at 446 (quoting *United States v. Kendall*, 665 F.2d 126, 135 (7th Cir. 1981)). In making this determination, a court is not limited to considering only the indictment, the information may be provided to the defendant through "some other satisfactory form." *Canino*, 949 F.2d at 949 (citations and quotations omitted). The Seventh Circuit Court of Appeals' "bill-of-particulars analysis is similar to its constitutional sufficiency-of-the-indictment analysis; 'in both cases, the key question is whether the defendant was sufficiently apprised of the charges against him in order to enable adequate trial preparation.'" *United States v. Vaughn*, 722 F.3d 918, 927 (7th Cir. 2013) (quoting *United States v. Blanchard*, 542 F.3d 1133, 1140 (7th Cir. 2008)). "A defendant is not entitled to know all the evidence the government intends to produce, but only the theory of the government's case." *Vaughn,* 722 F.3d at 927.

Count 1 of the Indictment alleges a conspiracy to distribute heroin and fentanyl. An indictment for conspiracy under 21 U.S.C. § 846 is sufficient if it alleges a conspiracy to distribute drugs, the time frame during which it allegedly was operated, and the statute violated, even if it does not allege specific overt acts. *United States v. Dempsey*, 806 F.2d 766, 769 (7th Cir. 1986). Count I sets forth a time frame, the statutes at issue, and the controlled substances at issue.

Count 2 of the Indictment alleges that Sole and co-Defendant Williams distributed fentanyl on August 30, 2021. Counts 3, 4, 5, and 6 of the Indictment allege that Sole and Williams distributed fentanyl on February 7, 2022, February 23, 2022, March 15, 2022, and March 30, 2022. Finally, Count 7 of the Indictment alleges that Sole distributed fentanyl on June 2, 2022. Counts 2 through 7 each also set forth the relevant statutes alleged to have been violated.

At this stage Defendant Sole is entitled only to a general theory of the Government's case-in-chief. *Vaughn,* 722 F.3d at 927. The Government is not required to proffer the specific facts in the Indictment on which it intends to base its prosecution. *Id.* Although the information requested by Defendant Sole regarding the date he joined a conspiracy may be useful to his defense, the Government has provided sufficient factual details to enable Defendant Sole to avoid prejudicial surprise and adequately prepare for his defense. *See Roman*, 728 F.2d at 856.

The Court finds that a bill of particulars is unnecessary given the sufficient detail contained in the Indictment and the tendering of discovery materials. Accordingly, the Court hereby **DENIES** the Motion for Bill of Particulars [DE 61].

SO ORDERED this 13th day of February, 2024.

s/ John E. Martin
MAGISTRATE JUDGE JOHN E. MARTIN
UNITED STATES DISTRICT COURT

cc:   All counsel of record

3