UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | Case No. 2:23-CR-00015-GSL-JEM |
| MARCO SOLE, et al. | |

**OPINION AND ORDER**

This matter is before the Court on pro se Defendant Marco Sole's Consolidated Pretrial Motions [DE 99], filed on July 1, 2024. Sole moves for a *Franks* hearing, the suppression of evidence, and dismissal of the indictment. For the following reasons, Sole's motions are denied.

**Background**

On February 16, 2023, the United States ("Government") filed a criminal complaint against Marco Sole ("Defendant"), alleging that he distributed fentanyl on four different dates in violation of 21 U.S.C. § 841(a)(1). [DE 1]. A probable cause affidavit attached to the complaint outlined the supporting facts. [*Id.*]. Generally, the alleged transactions were supported by recorded phone calls between Sole and a confidential human source ("CHS") and audio-video recordings gathered by the CHS.[1] [*Id.*]. The day the complaint was filed, Defendant was arrested and made his initial appearance before Magistrate Judge Martin. [DE 4]. On February 22, 2023, at a detention and probable cause hearing, Magistrate Judge Martin found there was probable cause to support the complaint. [DE 8]. On March 15, 2023, a grand jury indicted Defendant for one count of conspiracy and six counts of distribution of a controlled substance. [DE 10].

On July 1, 2024, Defendant, now proceeding pro se, made a filing wherein he moved for (1) a *Franks* hearing, (2) suppression of the evidence cited in the criminal complaint's probable

---

[1] According to the affidavit, the CHS is "in a position to testify." [DE 1].

cause affidavit, and (3) dismissal of the indictment under Federal Rule of Criminal Procedure 12. [DE 99]. The matter was fully briefed, and the Court heard arguments on December 5, 2024.

## Discussion

Before discussing each motion, the Court addresses three threshold matters. First, Defendant's Consolidated Pretrial Motions filing begins with his motion to dismiss and is followed by the motions for a *Franks* hearing and the suppression of evidence. Although the three motions are distinct, there are overlapping issues. Therefore, the Court address the motions in what it perceives to be the most logical chronological order.

Second, the Government contends that Defendant's motion to suppress and motion to dismiss are untimely. The Government cites to the Court's Arraignment Order, which states that "[a]ll pretrial motions specified in Fed. R. Crim. P. 12(b) . . . must be filed with the clerk of the district court within [28 days]" of the date of arraignment. [DE 16]. Per that order, Defendant's deadline to file a motion to suppress or motion to dismiss was April 19, 2023. Therefore, the Government argues, Defendant's Consolidated Pretrial Motions, filed in July 2024, are late. In his reply briefing, Defendant correctly points out that his counsel at the time moved for a continuance of the pretrial conference and the trial date on April 19, 2023. [DE 113, p. 2] (Defendant's Reply Brief); *see* [DE 21] (Motion to Continue). Though Defendant's counsel did not specifically seek an extension of the Rule 12 deadline, the Magistrate Judge's order granting the extension contained the following: "Trial counsel are [ordered] to submit all pre-trial filings (including but not limited to proposed voir dire, jury instructions, and motions in limine) on or before the Final Pretrial Conference[.]" [DE 25]. Several more continuances were filed, and the orders granting them used similar language. On January 10, 2024, the Court granted Defendant's

2

pro se motion to continue, setting July 26, 2024, as the deadline for pretrial filings. [DE 60]. Defendant's Pretrial Consolidated Motions were filed on July 1, 2024 [DE 99].

The orders granting the continuances use the following language: "[counsel] are ordered to submit all pre-trial filings (including but not limited to . . . motions in limine)[.]" E.g., [DE 60]. Most likely, the extension is intended to apply to a certain subset of pretrial filings, i.e., those impacting the procedure *at* trial. However, the Court understands that this could create confusion for a pro se litigant, given that the word "all" is next to "pre-trial filings" and that a motion is included in the non-exhaustive list of examples of those filings. Therefore, the Court will not dismiss Defendant's motions on timeliness grounds in this instance.

Finally, everything filed by Defendant relating to his Consolidated Pretrial Motions was received and entered onto the docket by the Clerk's office. However, the original scan of [DE 99] includes duplicates of certain pages that cause confusion with page numbers. A discrete copy of the motion without the duplicate pages is found at [DE 99-2]. For convenience, the Court will reference that docket entry throughout this order when it is referring to Defendant's motion.

### A. Motion for a *Franks* Hearing

"'A defendant is entitled to a *Franks* hearing—an evidentiary hearing regarding the veracity of information included in a search warrant application—if he can make a substantial preliminary showing that: (1) the warrant affidavit contained false statements, (2) these false statements were made intentionally or with reckless disregard for the truth, and (3) the false statements were material to the finding of probable cause.'" *United States v. Hancock*, 844 F.3d 702, 708 (7th Cir. 2016) (quoting *United States v. Mullins*, 803 F.3d 858, 861–62 (7th Cir. 2015)). This also applies to material omissions. *Hancock*, 844 F.3d at 708; *Mullins*, 803 F.3d at 862. "These elements are hard to prove, and thus *Franks* hearings are rarely held." *United States*

*v. Swanson*, 210 F.3d 788, 790 (7th Cir. 2000). "A defendant seeking a *Franks* hearing 'bears a substantial burden to demonstrate probable falsity.'" *U.S. v. Maro*, 272 F.3d 817, 822 (7th Cir. 2001) (quoting *United States v. Hornick*, 815 F.2d 1156, 1158 (7th Cir. 1987)).

Discerning whether a defendant carries that burden, that is, makes a sufficient preliminary showing, can be a difficult task. *United States v. McMurtrey*, 704 F.3d 502, 509 (7th Cir. 2013). To aid in that determination, a district court may hold a pre-*Franks* hearing, which enables a defendant to "supplement or elaborate on their original submission[]." *United States v. Sanford*, 35 F.4th 595, 598 (7th Cir. 2022) (citing *McMurtrey*, 704 F.3d at 509). "Such hearings are well within a district court's discretion to aid it in making a sound decision on whether to hold a full *Franks* hearing." *McMurtrey*, 704 F.3d at 509.

In his motion, Defendant argues that there are several false statements in, and material omissions from, the probable cause affidavit supporting the criminal complaint. [DE 99-2 at pp. 15–19]. He first contends that the affidavit did not include (1) the reliability of the informant; (2) that the alleged transactions took place in the CHS's home, which was not searched before or after each transaction; (3) that the CHS was given the money by law enforcement to fund the transactions; (4) that others present during the alleged transactions were not searched before or after the alleged transactions; (5) that there were other people in the CHS's home, i.e., the buy location, before and after the alleged transactions; (6) that the CHS left view of the video recordings before and after the alleged transactions; and (7) that the CHS placed the video recording device facedown after each alleged transaction. [DE 99-2 at ¶¶ (A.2)(1)–(7)]. He contends that these omissions "create[] reasonable doubt, violate[] Federal Rule of Evidence 901(a), and [are] material to the existence of probable cause to seize [his] person." [*Id.* at p. 17]. As for the false statements, Defendant states that contrary to the probable cause affidavit, there

4

are no conversations concerning drug transactions between himself and a person, whom he presumes is the CHS, or that person's partner. [*Id.* at p. 18]. He argues that these false statements and omissions prevented the reviewing judge—Magistrate Judge Martin—from fairly evaluating whether there was probable cause. [*Id.*]. Therefore, his arrest should be invalidated.

In its response, the Government argues that *Franks* hearings are limited to challenges of search warrant affidavits, not criminal complaint affidavits or affidavits otherwise supporting seizures. [DE 106, pp.14–16]. Moreover, Defendant's challenge is untimely because the active charging document is the grand jury indictment, which superseded the criminal complaint upon its issuance. [*Id.* at p. 15]. The time to challenge the probable cause affidavit underlying the criminal complaint has passed. [*Id.*].

The Court held a hearing on all of Defendant's motions, designating the first part of the hearing as a pre-*Franks* hearing. Defendant restated why he believes the probable cause affidavit is defective, but he did not offer any evidence addressing whether alleged false statements were intentionally or recklessly included, or that certain information was intentionally or recklessly omitted. The Government did not offer evidence or make argument in response to the specific defects raised by Defendant, but it did maintain the arguments submitted in its briefing that this request is procedurally improper.

The Court agrees with the Government that the Defendant did not effectively challenge the probable cause affidavit at the probable cause hearing, so the attempt to do so now under the banner of *Franks*, which concerns search warrants, is improper.[2] Defendant could have raised

---

[2] At the December 5, 2024, hearing, Defendant stated that no probable cause hearing was held. As the record shows, and by Defendant's own admission in his briefing, that is not true. Magistrate Judge Martin determined that there was probable cause at a hearing on February 22, 2023. [DE 8]; [DE 42, 9:23–10:1] ("I do find that there is probable cause based on the Probable Cause Affidavit and the information supplied by the government."); [DE 113, p. 2] (Defendant's Reply Brief) ("On February 22, 2023, the Magistrate Judge John E. Martin found probable cause to support the filing of the Complaint.").

5

these defects at any time before the grand jury indictment, which "obviates any need for a criminal complaint[.]" *United States v. Gerebizza*, 720 Fed.Appx. 302, 305–06 (7th Cir. 2017) (citing Fed. R. Crim. P. 3, 7). Even if this was a proper request for a *Franks* hearing, Defendant did not make a substantial preliminary showing that a false statement was intentionally or recklessly made in, or that material information was intentionally or recklessly omitted from, the probable cause affidavit that he is challenging. The request for a *Franks* hearing is denied.

### B. Motion to Suppress

Federal Rule of Criminal Procedure 12(b)(1) allows a party to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." This includes a motion to suppress evidence. Fed. R. Crim. P. 12(b)(3)(C). Such motions "effectuate the Fourth Amendment's guarantee of freedom from unreasonable searches and seizures" by allowing defendants, "upon motion and proof," to exclude from trial evidence that was obtained via an unreasonable search and seizure. *Simmons v. U.S.*, 390 U.S. 377, 389 (1968).

Defendant seeks to suppress the drugs the CHS provided to law enforcement on the following dates associated with Count 2–7, respectively: August 30, 2021; February 7, 2022; February 23, 2022; March 15, 2022, March 30, 2022; and June 2, 2022. [DE 99-2, p. 19]. He argues that exclusion is warranted because there is insufficient evidence, the "tainted evidence doctrine" applies, and there is an issue under Federal Rule of Evidence 901(a). [*Id.*]. These theories of exclusion seem to rest on Defendant's contention that the Government has not established beyond a reasonable doubt that he is connected to the drugs acquired by the CHS. The Government asserts that such issues are best reserved for trial, noting that Defendant's brief "repeatedly declares" that the Government has not proved certain offense elements "'beyond a reasonable doubt.'" [DE 106] (citing Defendant's Consolidated Pretrial Motions). Further, the

Government argues Defendant failed to identify a specific constitutional infringement by law enforcement and cites no legal authority for his arguments, making it difficult for it to respond.

The Court agrees with the Government. Any issues concerning the quality of the investigation, the chain of custody of the evidence, or any other alleged evidentiary defects short of constitutional ones, are best left for trial. The Government need not prove its case beyond a reasonable doubt when filing a criminal complaint. In bringing the case, the Government need only supply evidence sufficient to establish probable cause, which it has done here. It is only at trial that the Government must prove to a jury that the evidence shows beyond a reasonable doubt that the alleged crimes occurred. Moreover, the Court is unsure of what Defendant means by the "tainted evidence" doctrine. If he is referring to the fruit-of-the-poisonous-tree doctrine, which is used to suppress evidence that is the result of unlawful governmental conduct, he has failed to identify what conduct *by the government* was unlawful. *U.S. v. Swift*, 220 F.3d 502, 507 (7th Cir. 2000). The motion to suppress is denied.

### C. Motion to Dismiss

In addition to a motion to suppress, a party may also move for pretrial dismissal under the categories set forth in Federal Rule of Criminal Procedure 12(b)(3). This includes moving for dismissal because of defect in instituting the prosecution or a defect in the indictment. Rule 12(b)(3)(A)–(B). In considering a motion to dismiss an indictment, the Court 'view[s] all facts in the light most favorable to the government.'" *U.S. v. Yashar*, 166 F.3d 873, 880 (7th Cir. 1999).

#### a. Count 1

Count 1 alleges that Defendant knowingly and intentionally conspired with his codefendant, Clinton Williams, to knowingly and intentionally distribute controlled substances in violation of 21 U.S.C. § 841(a)(1). [DE 10]. Defendant argues that this count should be

dismissed because there is insufficient evidence to support a conspiracy charge, the count joins two or more offenses in the same count (duplicity), and the count is charged in other counts (multiplicity). [DE 99-2, p. 5].

### i. Insufficient Evidence

Defendant first argues that there is not enough evidence in the record to go forward with the prosecution. [*Id.*]. The Government argues that the strength of its case is an issue for trial, and that "sufficiency of the evidence" is not one of the defects listed under Federal Rule of Criminal Procedure 12(b). The Court agrees. To the extent Defendant meant to challenge the sufficiency of the indictment, that challenge also fails. Federal Rule of Criminal Procedure 7(c)(1) requires an indictment to "[include] a plain, concise, and definite written statement of the essential facts constituting the offense charged." The Seventh Circuit has held that "an indictment is legally sufficient if it (1) states all the elements of the crime charged, (2) adequately informs the defendant of the nature of the charges against him, and (3) allows the defendant to assert the judgment as a bar to future prosecutions of the same offense." *U.S. v. Vaughn*, 722 F.3d 918, 925 (7th Cir. 2013) (citing *United States v. Smith,* 230 F.3d 300, 305 (7th Cir. 2000)). "To successfully challenge the sufficiency of an indictment, a defendant must demonstrate that the indictment did not satisfy one or more of the required elements *and* that he suffered prejudice from the alleged deficiency." *Id.* (citing *United States v. Dooley,* 578 F.3d 582, 589–90 (7th Cir. 2009) (emphasis added)). Our Circuit has consistently held that an indictment charging an offense under 21 U.S.C. §§ 841(a) and 846, as is the case here, meets the requirements of Federal Rule of Criminal Procedure 7(c)(1) if the indictment "'sets forth the existence of the drug conspiracy, the operative time of the conspiracy, and the statute violated.'"

*Id.* (quoting *United States v. Singleton*, 588 F.3d 497, 499–500 (7th Cir. 2009)). The indictment here meets these three benchmarks.

### ii. Duplicity

Defendant next argues that Count 1 is duplicitous because it charges him with two crimes: 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1). That is incorrect. "'Duplicity is the joining of two or more offenses in a single count.'" *United States v. Hughes*, 310 F.3d 557, 560 (7th Cir. 2002) (quoting *United States v. Marshall*, 75 F.3d 1097, 1111 (7th Cir. 1996)). Count 1 does not join two offenses into a single count. It merely charges Defendant and his co-defendant with conspiracy to commit a crime and identifies the underlying crime. This is allowable. *See Hughes*, 310 F.3d at 560–561 ("[T]he allegation in a single count of a conspiracy to commit several crimes is not duplicitous[.]").

### iii. Multiplicity

Finally, Defendant contends that Count 1 is defective because it charges the same offense in more than one count. Fed. R. Crim. P. 12(b)(3)(B)(ii). It appears Defendant is arguing that because he reads Count 1 as also charging him with violating § 841(a)(1), multiplicity exists with each of Counts 2–7. This understanding also misses the mark. In *United States v. Snyder*, the Seventh Circuit explained that the rule against multiplicity exists "to prevent multiple punishments for the same act." 189 F.3d 640, 647 (7th Cir. 1999). If each count requires proof of a fact which the other counts do not, then there is no multiplicity defect. *United States v. Starks*, 472 F.3d 466, 469 (7th Cir. 2006). Here, the conspiracy count requires proof of facts relating to the accused individuals' intent to combine, and each of Counts 2 through 7 are brought pursuant to different alleged acts. Therefore, they require proof of different facts, e.g., time, place,

9

quantity, and composition. For these reasons, Defendant's motion to dismiss Count 1 of the indictment is denied.

### b. Counts 2–6

Counts 2–6 allege that Defendant and his Codefendant knowingly and intentionally distributed a controlled substance in violation of 28 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. [DE 10]. Defendant argues that these counts should be dismissed because the venue is improper, each count joins two or more offenses in the same count (duplicity), there is a "variance violation," and there is insufficient evidence. [DE 99-2, p. 10].

### i. Improper Venue

Here, Defendant argues that there is a defect with the initiation of the prosecution because he was not present during the alleged transactions underlying Counts 2–6, which allegedly took place in the Northern District of Indiana. Therefore, Defendant contends that this venue is improper. For several reasons correctly identified by the Government, venue is proper.

In addition to § 841(a)(1), Counts 2–6 charge Defendant and his co-defendant with violating 18 U.S.C. § 2, which establishes accomplice liability. This applies to acts committed outside of the district where the substantive crime occurred. *U.S. v. Kilpatrick*, 458 F.2d 864, 868 (7th Cir. 1972) ("[18 U.S.C. § 2] . . . permit[s] the prosecution of an aider and abettor not only in the district in which he committed the accessorial acts but also in the district where the substantive crime was committed."). The charge under 18 U.S.C. § 2 means that Defendant's location has no bearing on the propriety of venue here. Moreover, certain crimes, such as distribution of a controlled substance, are considered "continuing" crimes, meaning that venue is proper where the crime began, continued, or was completed. *United States v. Tingle*, 183 F.3d 719, 726 (7th Cir. 1999). Finally, § 841(a)(1) lacks a venue provision. Per *Tingle*, that means it is

governed by the general venue provision under 18 U.S.C. § 3237(a): "any offense against the United States begun in one district and completed in another . . . may be inquired of and prosecuted in any district in which such offense was begun, continued, or completed." 183 F.3d at 727. For these reasons, the case is properly brought in the Northern District of Indiana.

### ii. Duplicity

For Counts 2–6, Defendant argues that the inclusion of 18 U.S.C. § 2 with each Count charging § 841(a)(1) is duplicitous. As discussed above, duplicity is the joining of separate offenses in a single count. *Hughes*, 310 F.3d at 560. The Government contends that Federal Rule of Criminal Procedure 7 permits 18 U.S.C. § 2 to be part of each count because a "count may allege that a defendant committed [the offense] by one or more specified means." Fed. R. Crim. P. 7(c)(1). In essence, the Government is arguing that "aiding or abetting" is means to commit an offense. This only begins the inquiry. When looking at the statute, it is clear that 18 U.S.C. § 2, much like 21 U.S.C. § 846, applies when there is a predicate offense. The language of 18 U.S.C. §§ 2(a) and 2(b) is such that the punishment for violation 18 U.S.C. § 2 is determined by another crime. *See*, e.g., 18 U.S.C. § 2(a) ("Whoever commits an offense against the United States or aids . . . in its commission, is punishable as a principle[.]"). So, for the reasons that there is no duplicity violation in Count 1, the Court finds there is no such violation in Counts 2–6.

### iii. "Variance Violation"/Insufficient Evidence

Defendant next argues that there is a variance violation because the evidence of record is contrary to the allegations in the indictment. However, variance claims appear to be triggered at trial when a conviction is supported by evidence proven at trial that is "materially different" from the facts alleged in the indictment. *United States v. Thompson*, 89 F.4th 1010, 1020 (7th Cir. 2024); *United States v. Heon Seok Lee*, 937 F.3d 797, 806 (7th Cir. 2019) ("Variance refers to

situations where the government's trial evidence proves facts materially different from those alleged in the indictment."). Given that a variance violation is triggered by evidence offered at trial, a variance cannot accrue at this stage.

The same is true of Defendant's insufficient evidence argument. Defendant argues that all counts should be dismissed because the chemical analysis reports of the substances recovered by the CHS do not establish that they are controlled substances. He attaches only two such reports to his briefing, though there are six counts alleging the transaction of a controlled substance. Alternatively, Defendant argues that since the composition of the substances was not known until after the substances were tested, there is not enough evidence to establish that the knowledge element of the charged offense. These are challenges to the evidence—not the indictment. Like Defendant's variance argument, this argument is premature and is best suited for trial.

## Conclusion

For the reasons stated in this order, Defendant's request for a *Franks* hearing is **DENIED**, Defendant's motion to suppress the evidence is **DENIED**, and Defendant's motion to dismiss Counts 1–7 of the Indictment [DE 10] is **DENIED**. Accordingly, Defendant's Pretrial Consolidated Motions [DE 99] are **DENIED** in full.

SO ORDERED.

ENTERED: January 3, 2025

                                                /s/ GRETCHEN S. LUND
                                                Judge
                                                United States District Court