UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

UNITED STATES OF AMERICA

v.

MARCO SOLE

Case No. 2:23-CR-00015-GSL-JEM

## OPINION AND ORDER

Before the Court is Defendant Marco Sole's second pro se Motion to Dismiss the Indictment. [DE 138]. For the below reasons, the Court denies the motion.

## Background

From August 2021 through June 2022, law enforcement officers executed several controlled drug purchases in Indiana that allegedly involved Defendant. [DE 143, Page 1]. At around 8:30 a.m. on February 16, 2023, members of the FBI's Gang Response Investigative Team ("GRIT") and the Drug Enforcement Administration ("DEA") initiated a traffic stop and arrested Defendant in Lynwood, Illinois. [*Id.*]; [DE 138, Page 1]. Among other evidence, the controlled purchases served as the probable cause for the arrest, and Defendant was then taken to FBI Offices in Hobart, Indiana for questioning. [DE 143, Page 1]. A criminal complaint charging Defendant with several counts of distributing fentanyl was filed at around 11:10 a.m., and Defendant was transferred to Porter County Jail where he made his initial appearance via video teleconference before Magistrate Judge Martin at around 2:15 p.m. [*Id.*, Pages 1–2]. Neither Defendant, nor his counsel, raised any probable cause or arrest warrant objections at the initial appearance hearing, nor were there any objections to the date offered for the subsequent detention hearing. [DE 41]. On February 22, 2023, Defendant appeared for a probable cause and detention hearing. [DE 8]. The Court determined that probable cause to support the complaint

existed, and Defendant was to be held without bond. [*Id.*]. Defendant, through his attorney or otherwise, did not raise any probable cause challenges at the hearing or accept Magistrate Judge Martin's offer to hold a separate probable cause hearing. [DE 42, 11:12–17].

On March 15, 2023, a grand jury charged Defendant with one count of conspiracy to distribute a controlled substance and six counts of distribution.[1] [DE 10]. At the arraignment, Magistrate Judge Martin set April 19, 2023, as the deadline for filing "[a]ll pretrial motions specified in Fed. R. Crim. P. 12(b)." [DE 16]. In December 2023, following Defendant's second motion to proceed pro se, the Court granted his counsel's motion to withdraw. [DE 53]. Soon after, the Court granted Defendant's request for a six-month continuance, which extended the pretrial motions deadline from [DE 16] to July 26, 2024. [DE 60].

At the start of 2024, Defendant moved for a bill of particulars, in part arguing that none of the separate distribution charges could support the conspiracy charge. [DE 61]. The motion was denied. [DE 66]. The next month, he moved for reconsideration of that order, again arguing that his charges were improperly duplicative. [DE 69]. That motion was denied. [DE 78]. In April, Defendant moved for reconsideration of his detention, arguing that the probable cause was deficient. [DE 79, Page 12]. At a hearing on the motion, Magistrate Judge Martin denied the reconsideration. [DE 90]. In June, Defendant asked this Court to revoke the detention order. [DE 92]. He again asserted procedural deficiencies and issues with the criminal complaint, in particular the probable cause affidavit filed in support of it. [*Id.*]. This Court denied the reconsideration. [DE 104]. Upon appeal, the Seventh Circuit also denied pretrial release. [DE 121]. On July 1, 2024, following his motion for revocation of detention, Defendant

---

[1] At this point, the Indictment [DE 10] initiates the federal prosecution. *See United States v. Richardson*, 780 F.3d 812, 814 (7th Cir. 2015) (explaining that though a criminal complaint charging a felony can justify an arrest without a warrant, only an information or indictment can initiate a felony prosecution).

simultaneously filed three motions: a motion for a *Franks* hearing, a motion to suppress, and a motion to dismiss the indictment. [DE 99]. Defendant's *Franks* and suppression arguments were based on deficiencies in the probable cause affidavit. [*Id.*]. As for the motion to dismiss the indictment, Defendant argued that there was insufficient evidence, improper duplicity, improper multiplicity, variance violation, and improper venue. [*Id.*]. A hearing on the motions was held; ultimately, all three motions were denied. [DE 130].

On the heels of that ruling, Defendant filed a motion to continue the trial date an additional six months. [DE 133]. According to him, the extension was necessary because he "did not have enough time to review discovery," he needed time to procure counsel, and it would allow him or his future attorneys time to file additional Rule 12(b)(3) motions. [*Id.*]. At the following status conference, the Court granted Defendant's motion as to the request for additional time to secure counsel. [DE 137]. As for the extension of the pretrial motion deadline, the Court advised Defendant that if the Government raised timeliness as a basis for denial of any forthcoming motion, the Court would consider that argument.

Still proceeding without counsel, Defendant filed his second Motion to Dismiss the Indictment, which is now before the Court, on February 27, 2025. [DE 138]. He first argues that his arrest violates the Fourth Amendment because he was arrested by Indiana law enforcement in Illinois without an arrest warrant, criminal complaint, probable cause, or justification for a warrantless arrest. [*Id.*]. He again challenges his detention, asserting that he was not promptly presented to a magistrate judge. [*Id.*]. Finally, he argues that his arrest violates the Extradition Clause of the Constitution, and Criminal Procedure Rules 4, 5, 9, and 41(b).

The Government's primary argument in response is that Defendant's motion is untimely. [DE 143]. It argues that the Court never extended the original deadline for Rule 12 pretrial

3

motions, which was April 19, 2023. [*Id.*]. Thus, the instant motion, filed in February 2025, is almost two years too late. [*Id.*]. Alternatively, the Government contends that the motion fails on the merits. [*Id.*]. In Defendant's reply, he raises several arguments for the first time, including challenges to searches of his property. [DE 146].

## Discussion

Here, Defendant's motion raises new legal theories for three themes he has unsuccessfully challenged in prior motions: (1) that his arrest, his detention, or both, are procedurally deficient; (2) that his arrest for crimes committed in Indiana and his pretrial detention in Indiana is unlawful because of his Illinois residence; and (3) there is insufficient probable cause for his arrest.

### A. Timeliness

The Government argues that the instant motion should be dismissed because the deadline to file pretrial motions under Federal Rule of Criminal Procedure 12(b)(3) was April 19, 2023, and "[t]he Court never extended [that] deadline." [DE 143, Page 3]. In its [DE 130] Order, the Court pointed out that deadline might not be so cut and dry for a pro se litigant:

> Though Defendant's counsel did not specifically seek an extension of the Rule 12 deadline, the Magistrate Judge's order granting the extension contained the following: "Trial counsel are [ordered] to submit all pre-trial filings (including but not limited to proposed voir dire, jury instructions, and motions in limine) on or before the Final Pretrial Conference[.]" [DE 25]. Several more continuances were filed, and the orders granting them used similar language. On January 10, 2024, the Court granted Defendant's pro se motion to continue, setting July 26, 2024, as the deadline for pretrial filings. [DE 60]. Defendant's Pretrial Consolidated Motions were filed on July 1, 2024 [DE 99]. The orders granting the continuances use the following language: "[counsel] are ordered to submit all pre-trial filings (including but not limited to . . . motions in limine)[.]" E.g., [DE 60]. Most likely, the extension is intended to apply to a certain subset of pretrial filings, i.e., those impacting the procedure *at* trial. However, the Court understands that this could create confusion for a pro se litigant, given that the word "all" is next to "pre-trial filings" and that a motion is included in the non-exhaustive list of examples of those filings.

4

> Therefore, the Court will not dismiss Defendant's motions on timeliness grounds **in this instance**.

[DE 130, Pages 2–3] (emphasis added). By including that language, the Court noticed Defendant that, given the examples listed, the prior continuances were meant to apply to motions impacting evidence and procedure at trial. Those such motions may still be filed, but for all intents and purposes, the deadline for any motions under Federal Rule of Criminal Procedure 12(b)(3) was April 19, 2023. The Court, recognizing Defendant's pro se posture, considered his prior Rule 12(b)(3) motion over the Government's objection, but it will not do so again. Accordingly, Defendant's motion here is untimely, and the Court denies it on timeliness grounds.

## B. Merits

Even if timely filed, the Court would deny this second Motion to Dismiss the Indictment [DE 138].

To begin with, Defendant argues that his arrest violated the Fourth Amendment because there was no arrest warrant or criminal complaint, and therefore no probable cause, at the time of the arrest. [DE 138, Pages 1–2]. Defendant was arrested, pursuant to a traffic stop, at around 8:30 a.m. on February 16, 2023. [*Id.*]. He is correct that, at the time of the arrest, there was no warrant. [DE 143, Pages 4–5] ("[T]here was not a warrant for [Defendant's] arrest at the time he was taken into custody[.]"). However, so long as a complaint meeting the probable cause requirements of Federal Rule of Criminal Procedure 4(a) is promptly filed in the district where the alleged offense was committed, a warrantless arrest is allowable. *See* Fed. R. Civ. P. 5(b). The criminal complaint, including a probable cause affidavit, were filed in the Northern District of Indiana, where the alleged criminal conduct occurred, at around 11:10 a.m. on the day of the arrest. [DE 143, Page 1]; *see also* [DE 1] (signed by Magistrate Judge Martin). Defendant has not pointed to any case law showing that such a filing, three hours after his arrest, is not prompt.

5

Moreover, the fact that the complaint was filed after the arrest does not mean probable cause did not exist before the arrest. Law enforcement's controlled drug purchases, allegedly from Defendant, occurred over several months before the arrest. [*Id.*, Page 5]. These alleged events occurred before the arrest; thus, probable cause existed before Defendant's apprehension. It is the events constituting probable cause that establish its existence, not a subsequent formalistic act such as the filing of a complaint.

Secondly, Defendant again challenges his detention. Here, he argues that he was "detained without being promptly presented before a magistrate as required by Rule 5(a) of the Federal Rules of Criminal Procedure." [DE 138, Page 3]. Federal Rule of Criminal Procedure 5(a) provides that an arrestee must be taken "without unnecessary delay before a magistrate judge . . . as [provided by] Rule 5(c)[.]" Even so, "'without unnecessary delay'" does not and cannot mean 'instantly.'" *See Muldrow v. United States*, 281 F.2d 903, 906 (9th Cir. 1960). Certain activities, such as booking a suspect, searching a suspect, and discussions with the suspect are allowed when conducted reasonably. *See id.*

Defendant contends that his initial appearance was unnecessarily delayed. [DE 138, Page 3]. The Court disagrees. Defendant was arrested in Lynwood, Illinois, at 8:30 a.m. [DE 143, Page 1]. Shortly thereafter, at 2:15 p.m., he appeared before Magistrate Judge Martin.[2] [*Id.*, Page

---

[2] In support of his position, Defendant cites three cases. The Court could not locate *Rivers v. United States*; searches using the citation, 227 F.3d 819 (7th Cir. 2000), and other methods, yielded nothing. He also cites *Gerstein v. Pugh*, 420 U.S. 103 (1975), for the proposition that "a person arrested without a warrant must be brought before a magistrate promptly for determination of probable cause." [DE 138, Page 3]. As discussed, the probable cause for the arrest here was determined by a magistrate. *See* [DE 1]. The fact that it was done telephonically cuts against arguments claiming it was not prompt. *See* [*id.*]; *see also* [DE 143, Page 6]. Finally, he cites *Mallory v. United States*, 354 U.S. 449, 455–56 (1957). In *Mallory*, the defendant, a 19-year-old of "limited intelligence" was arrested between 2:00 and 2:30 p.m. on suspicion of committing a rape. *Mallory*, 354 U.S. at 450, 455. He was interrogated, subjected to a lie detector test, and interrogated again. *Id.* at 450–51. He confessed at around 10:00 p.m. *Id.* at 451. The next morning, he made his initial appearance. *Id.* The Supreme Court's primary concern in that case was that the time between arrest and initial appearance was improperly used to secure a confession. *See id.* at 455–56 ("In every case where the police resort to interrogation of an arrested person *and secure a confession*, [… Rule 5(a) stands as a barrier.]"); *see also* [DE 138, Page 3] (Defendant confirms there was

2]. The Court finds no unreasonable delay between the time Defendant was arrested and the time he appeared in Court.

Additionally, Defendant's arrest in Illinois and subsequent detention in Indiana does not sidestep Federal Rule 5(c). Under the Rule, the initial appearance of a defendant arrested in a district other than where the offense was originally committed must be in the district of arrest or an adjacent district. Fed. R. Crim. P. 5(c)(2). If in an adjacent district, the initial appearance must meet one of two other requirements: (1) the appearance can occur more promptly in the adjacent district; or (2) the offense was allegedly committed in the adjacent district and the initial appearance will occur on the day of the arrest. Fed. R. Crim. P. 5(c)(2)(B). Defendant is charged with criminal conduct in the Northern District of Indiana, but he was arrested in the Northern District of Illinois. Though his initial appearance could have been made in either District, it occurred in the adjacent Northern District of Indiana on the day of arrest. The Court fails to see how this departs from Rule 5(c), and Defendants arguments here fail, too.[3]

Defendant also argues that his arrest in Illinois and transport to Indiana violates the Extradition Clause of the U.S. Constitution, which states that "A Person charged in any State with [. . . a] Crime, *who shall flee* from Justice, and *be found in* another State, shall [. . .] be removed to the State having Jurisdiction of the Crime." U.S. Const. art. IV, § 2, cl. 2 (emphasis added). The Clause is meant to "preclude any state from becoming a sanctuary for fugitives from justice of another state and thus 'balkanize' the administration of criminal justice among the several states." *Michigan v. Doran*, 439 U.S. 282, 287–288 (1978). Given this purpose, the plain

---

no confession here: "I refused to answer any questions."). As there was no confession in this case, *Mallory* is inappropriate, and Defendant's argument fails.

[3] Defendant focuses only on Rule 5(c)(2)(A), ignoring the following subsection, under which his arrest in Illinois and his initial appearance in Indiana were lawful.

language of the Clause conveys that it is meant to apply when, to avoid charges in one state, an individual flees to another state for refuge. Defendant did not flee to Illinois from Indiana, nor did he flee from Indiana to Illinois. He was arrested in the Northern District of Illinois and brought to the adjacent Northern District of Indiana, since that is where he was charged. As such, there is no violation of the Extradition Clause.

Finally, Defendant contends that his arrest violated Federal Rules of Criminal Procedure 4, 5, 9, and 41. Given its discussion of Rule 5, above, the Court addresses here only the alleged violations of Rules 4, 9, and 41.

Rule 4 applies to arrest warrants or summonses issued on a criminal complaint. *See* Fed. R. Crim. P. 4. By contrast, Rule 9 applies to arrest warrants or summonses issued on an indictment or information. *See* Fed. R. Crim. P. 9. Since Defendant alleges deficiencies with the criminal complaint, which was issued before the Indictment [DE 10], Rule 9 is not implicated; therefore, those arguments fail. Defendant's Rule 4 arguments fail for a similar reason. In part, Rule 4 states that, "[i]f the complaint or one or more affidavits filed with the complaint establish probable cause [. . .], the judge must issue an arrest warrant[.]" Fed. R. Crim. P. 4(a). As written, the Rule calls for the filing of the complaint *before* an arrest to procure a warrant. That was followed in this case. The situation here, however, is governed by Rule 5(b) concerning warrantless arrests. *See* Fed. R. Crim. P. 5(b) (providing that a criminal complaint meeting Rule 4(a)'s probable cause requirement is promptly filed following a warrantless arrest). The Government complied with that Rule when it filed its Criminal Complaint [DE 1], on which an Arrest Warrant [DE 2] was issued, within 3 hours of the arrest. [DE 143, Page 1]. For that reason, Defendant's Rule 4 argument fails. As for Defendant's challenge under Rule 41, he again argues that the warrant was not properly issued because there was no "valid criminal complaint"

8

or warrant at the time of the arrest. [DE 138, Page 9]. The Court has established that the timing of the arrest, the criminal complaint, the arrest warrant, and the initial appearance complied with Federal Rule of Criminal Procedure. Necessarily, this argument also fails.

## Conclusion

Accordingly, Defendant's second Motion to Dismiss the Indictment [DE 138] is **DISMISSED**. Upon issuance of this order, no more motions may be filed under Federal Rule of Criminal Procedure 12(b)(3), without first seeking leave of the Court and upon a showing of good cause. There remains a Status Hearing set for May 7, 2025, at 1:30 p.m. [DE 139].

SO ORDERED.

ENTERED: May 1, 2025

/s/ GRETCHEN S. LUND  
Judge  
United States District Court